CHARLES CARREON, ESQ. (127139)
Attorney for Plaintiff iCall, Inc.
2165 S. Avenida Planeta
Tucson, Arizona 85710
Tel: 520-841-0835
Fax: 520-843-2083
Email: chas@charlescarreon.com

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ICALL, INC., <br><br> Plaintiff, <br><br> vs. <br><br> TRIBAIR, INC., ERIC REIHER, and Does 1 – 5, <br><br> Defendants. <br><br> AND RELATED COUNTERCLAIM | Case No.: CV 12-2406 EMC <br><br> **SUPPLEMENTAL DECLARATION OF CHARLES CARREON IN SUPPORT OF REPLY BRIEF RE MOTION FOR PRELIMINARY INJUNCTION** <br><br> Judge: Hon. Edward M. Chen <br> Courtroom: 5, 17th Floor <br> Date: November 15, 2012 <br> Time: 9:30 a.m. |

**DECLARATION OF CHARLES CARREON**

Charles Carreon declares and states as follows:

**1.**     I am an attorney licensed to practice law in the State of California, admitted to the Bar of this Court, and the attorney for plaintiff iCall, Inc ("iCall"). I make this declaration on personal knowledge and an informed review of relevant documents, and if called as a witness could and would so competently testify.

**2.**     This declaration is made to rebut incomplete averments in the declaration of Eric Reiher ("Reiher" and the "Reiher declaration"), CEO of defendant Tribair ("Tribair"), and to provide facts to clarify misleading contentions in Tribair's brief in opposition to iCall's motion for preliminary injunction (the "Opposition Brief").

**3.** Katherine Keating is the trademark attorney for the Wi-Fi Alliance who registered the Wi-Fi Certification Mark, as recorded on the Registration Certification for the Wi-Fi Certification mark, attached as **Exhibit 24**.

**4.** I spoke with Ms. Keating over the telephone on October 30, 2012 concerning this matter, and as is recorded in our exchange of emails attached as **Exhibit 25**, she confirmed that:

   a. Tribair has no authorization to use the Wi-Fi Certification Mark,

   b. The Wi-Fi Alliance objects to Tribair's use of the Wi-Fi Certification Mark, and notified the App Store of its objection.

**5.** I have been personally responsible for handling iCall's enforcement activity for several years, as previously averred in my declaration in support of the initial motion papers. I checked the validity of Reiher's claim in paragraph 18 of his declaration that there are a number of other products and services infringing the iCall mark, and discovered that only one of them is actually a VoIP service. That company will be receiving a cease and desist letter shortly.

**6.** The progress of Tribair's VoIP marketing has resulted in six phases of marketing, and five distinguishable brands:

   a. Tribair launched its VoIP under the Tribair brand. (**Exhibit 13** submitted with original moving papers.)

   b. Jealous of iCall's popularity, Tribair incorporated the iCall mark into its WiCall mark, and for visual flair, joined it with the Wi-Fi Alliance Certification Mark # 2,523,241, despite not having any Wi-Fi certified equipment to sell. (**Exhibit 26**.) This agglomeration of "other-people's marks" appeared in the iTunes / App Store until the Wi-Fi Alliance learned of the infringement.

   c. After being notified by the Wi-Fi Alliance that it did not have the right to use the Wi-Fi Alliance Certification Mark, Tribair altered the visual component of its logo in the iTunes / App Store, creating yet *another mark*. (*See* Reiher Dec. ¶ 19 and iCall's **Exhibit 11** submitted with the moving papers.) Additionally, Tribair designated "iCall" as a search keyword in the App Store, so that consumers looking for iCall would discover WiCall, thus leading to increased brand confusion. No screencapture of this phase of Tribair's mark-dance exists; however, your declarant observed it.

   d. Tribair attempted to register the text-only WiCall mark with the USPTO, Serial Number 8,5574,570. *See* iCall's Letter of Protest. (**Exhibit 14** submitted with original moving papers.)

  e. Tribair continues to market the WiCall app on Google Play combining the WiCall mark and the Wi-Fi Alliance Certification Mark, in defiance of the Wi-Fi Alliance's trademark rights and enforcement efforts.  (**Exhibit 27**.)

  f. Tribair continues to market under the name of Tribair in the App Store, on Google Play, and at its Tribair.com website, using a third logo that incorporates a "T" and a telephone handset in profile.  (**Exhibit 13** submitted with original moving papers.)  Further, *when an Internet user searches for "iCall"* in the search box *on Google Play*, as it once did in the App Store with respect to WiCall, *the Tribair app appears*.    (**Exhibit 23**.)

**7.** Attached hereto jointly as **Exhibit 28** are:

  a. A screencapture of an interview with Reiher dated January 28, 2011 in Next Montreal located at the following URL: http://nextmontreal.com/2011/01/28/tribair-goes-after-skype-with-free-wi-fi-community/.

  b. A screencapture of Reiher's blog located at http://blog.tribair.com

**8.** I obtained the *nunc pro tunc* assignment of goodwill attached as **Exhibit 29** from California attorney John Mackel, who was the corporate officer authorized by Plaintiff's corporate predecessors-in-interest to handle the disposition of the intellectual property of the original iCall, Inc. to cure any clerical deficiencies in the assignments obtained by Arlo C. Gilbert for the benefit of Plaintiff.  Such an assignment was valid under Cal. Corp. Code § 1903(b), because Mr. Mackel was trustee of the corporate assets charged with winding up the affairs of dissolved business corporations.

**9.** Attached hereto as **Exhibit 30** is a screencapture of an online article entitled "The 5 newest VoIP Apps on the Market," dated November 1, 2012, located at the following URL: http://www.resourcenation.com/blog/the-5-newest-voip-apps-on-the-market/35387/.

**10.** Attached hereto as **Exhibit 31** are screencaptures of Google search results for "iCall+new+york+times+app+of+the+week."

I hereby declare, pursuant to the provisions of 28 U.S.C. § 1746 (2), under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct, and that this declaration was executed on November 2, 2012.

---

PAGE 3 OF DECLARATION OF CHARLES CARREON
IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION

Executed at Tucson, Arizona
/s/Charles Carreon
Charles Carreon, Declarant