JOHN C. KIRKE, BAR NO. 175055
johnk@donahue.com
ANDREW S. MACKAY, BAR NO. 197074
andrew@donahue.com
SOPHIA E. C. SCHWARTZ, BAR NO. 272915
sophia@donahue.com
DONAHUE GALLAGHER WOODS LLP
Attorneys at Law
1999 Harrison Street, 25th Floor
Oakland, California 94612-3520
P.O. Box 12979
Oakland, California 94604-2979
Telephone: (510) 451-0544
Facsimile: (510) 832-1486

Attorneys for Defendants
TRIBAIR, INC. and ERIC REIHER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ICALL, INC.,<br><br>Plaintiff,<br><br>v.<br><br>TRIBAIR, INC., ERIC REIHER and DOES 1-5,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIM. | Case No. CV 12 2406<br><br>**OBJECTIONS TO EVIDENCE SUBMITTED WITH REPLY BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**<br><br>Date: November 15, 2012<br>Time: 1:30 p.m.<br>Ctrm: 5, 17th Floor<br>Judge: Hon. Edward M. Chen |

DONAHUE
GALLAGHER WOODS
LLP
ATTORNEYS AT LAW
OAKLAND

EVIDENTIARY OBJECTIONS TO REPLY    CASE NO. CV 12 2406

**Evidentiary Objections**

Defendants Tribair, Inc. and Eric Reiher ("Defendants") hereby object to and move to strike the supplemental Declarations of Arlo C. Gilbert ("Gilbert") and Charles Carreon ("Carreon") submitted with the Reply Brief in Support of Plaintiff's Motion for Preliminary Injunction ("Reply") of Plaintiff iCall, Inc. ("Plaintiff").

By submitting the declarations of Gilbert and Carreon with the Reply, Plaintiff has raised new evidence in its reply brief. Such a strategy is improper. Schwarzer et al., Fed. Practice Guide: Civ. Proc. Before Trial (The Rutter Group 2012) ¶ 12:107 (citations omitted) ("It is improper for the moving party to 'shift gears' and introduce new facts or different legal arguments in the reply brief than presented in the moving papers.") Whether Plaintiff's new arguments or facts will be considered is at the discretion of the Court. *Zamani v. Carnes*, 491 F.3d 990, 997 (a "district court need not consider arguments raised for the first time in a reply brief"). Because Defendants are not entitled to a sur-reply brief, the court's consideration of the new evidence would deprive Defendants of the "adversarial exchange" intended by sequential briefing. Schwarzer et al., Federal Civil Procedure Before Trial: Motion Practice (The Rutter Group 2012) ¶ 12:107.2. To prevent prejudice against Defendants, the court should strike the supplemental declarations of Gilbert and Carreon.

In addition, Defendants specifically object to the following statements made in the Gilbert and Carreon Declarations:

1. Gilbert ¶3. Gilbert offers a legal conclusion by calling Defendants' contention "spurious." As a lay witness, he is not qualified to offer opinions as to what constitutes a spurious legal argument. (Fed. R. Evid. 701).

2. Gilbert ¶3(c). Gilbert's comments about the definition of "the Internet" offer an expert opinion because the comments imply a specialized knowledge of "the Internet," but Gilbert has not been qualified as an expert. (Fed. R. Evid. 701, 702).

3. Gilbert ¶3(c)-(f). Gilbert's comments about the App Store and Google Play being available on the World Wide Web or Internet are irrelevant to Plaintiff's argument that WiCall is on the Internet. Irrelevant evidence is inadmissible. (Fed. R. Evid. 402).

4.   Gilbert ¶5. Gilbert's comments that Tribair does not advertise its lack of text messaging and videocalling were made without personal knowledge. (Fed. R. Evid. 602).

5.   Gilbert ¶5. Gilbert's belief about what a user is "likely" to do is speculative and lacks personal knowledge. (Fed. R. Evid. 602).

6.   Gilbert ¶6(a). Gilbert's comment that iCall Enterprise is a paid VoIP service is irrelevant. Plaintiff has never argued that the iCall Enterprise mark was infringed by Defendants. (Fed. R. Evid. 402).

7.   Gilbert ¶7(b). Gilbert comments that it is necessary to utilize techniques discussed on a blog post. Gilbert lacks personal knowledge of Tribair's marketing practices. (Fed. R. Evid. 602).

8.   Gilbert ¶7(b). Gilbert has not been qualified as an expert, to opine whether certain techniques are "necessary" in order to have a successful marketing campaign. (Fed. R. Evid. 802).

9.   Gilbert ¶7(c). Gilbert's comment that the Tribair VoIP Application ("Tribair VoIP") appears in a search for iCall is irrelevant because Plaintiff's claims do not allege that Tribair VoIP infringes on Plaintiff's mark. Irrelevant evidence is inadmissible. (Fed. R. Evid. 402).

10.  Gilbert ¶8(a). Gilbert lacks personal knowledge of Tribair, Inc.'s business practices regarding the use of the Tribair VoIP. (Fed. R. Evid. 602).

11.  Gilbert ¶8(b). Gilbert lacks personal knowledge of Tribair, Inc.'s ability to communicate with its WiCall customers. (Fed. R. Evid. 602).

12.  Gilbert ¶10. Gilbert's comments regarding the Wi-Fi Alliance are irrelevant because they concern a mark not owned by Plaintiff. (Fed. R. Evid. 402).

13.  Gilbert ¶10(a)-(d). Gilbert lacks personal knowledge of the factual statements about the Wi-Fi Alliance. (Fed. R. Evid. 602). The factual statements are argumentative and irrelevant to Plaintiff's claims against Defendants. Irrelevant evidence is inadmissible. (Fed. R. Evid. 402).

14. Gilbert ¶10(a)-(d). To the extent that Gilbert cites to the declaration of iCall's counsel, Gilbert's comments constitute hearsay which does not fall into an exception to the rule against hearsay. (Fed. R. Evid. 802).

15. Gilbert ¶10. Gilbert's comments regarding the Wi-Fi Alliance are irrelevant to Plaintiff's claims. (Fed. R. Evid. 402).

16. Gilbert ¶10(a)-(d). Gilbert lacks personal knowledge of the factual statements listed. (Fed. R. Evid. 602). The factual statements are argumentative and irrelevant to Plaintiff's claims against Defendants. Irrelevant evidence is inadmissible. (Fed. R. Evid. 402).

17. Gilbert ¶10(a)-(d). To the extent that Gilbert cites to the declaration of iCall's counsel, Gilbert's comments constitute hearsay not within an exception to the rule against hearsay. (Fed. R. Evid. 802).

18. Carreon ¶4. Carreon's summaries of Keating's statements are hearsay not within an exception to the rule against hearsay. (Fed. R. Evid. 802).

19. Carreon ¶4. Carreon's summaries of Keating's statements regarding the Wi-Fi Alliance are irrelevant to the issues of this case. (Fed. R. Evid. 402).

20. Carreon ¶4 Exhibit 25. Exhibit 25 contains Keating's statements which are inadmissible because Keating lacks personal knowledge of the facts recited in Carreon's email to her. (Fed. R. Evid. 602). All of Keating's statements, reproduced in Exhibit 25, are hearsay not within an exception to the rule against hearsay. (Fed. R. Evid. 802).

21. Carreon ¶4 and Exhibit 25. Carreon's comments and Keating's comments in Exhibit 25 are inadmissible because they reach legal conclusions that Tribair has used the Wi-Fi Alliance mark without authorization. Such a conclusion requires special knowledge outside the normal knowledge of a lay witness. (Fed. R. Evid. 701, 702). Neither Carreon nor Keating has been qualified as an expert on this subject.

22. Carreon ¶5. Carreon's promise to send a cease and desist letter to another infringer is irrelevant and speculative. (Fed. R. Evid. 402).

23. Carreon ¶5. Carreon's comment that only one infringer of the iCall mark is a VoIP service is irrelevant to the issues of the preliminary injunction. (Fed. R. Evid. 402).

24. Carreon ¶5. Carreon's comment that only one infringer of the iCall mark is inadmissible because Carreon lacks personal knowledge of such information. (Fed. R. Evid. 602).

25. Carreon ¶6. Carreon's timeline of Defendant Tribair's marketing and brands is inadmissible because Carreon lacks personal knowledge of such events. (Fed. R. Evid. 602).

26. Carreon ¶6(b). Carreon's belief that Tribair was jealous of iCall's popularity is inadmissible because Carreon lacks personal knowledge of Tribair's state of mind. (Fed. R. Evid. 602).

27. Carreon ¶6(b). Carreon's statement about Tribair's lack of certification by a third party is irrelevant to this case. (Fed. R. Evid. 402).

28. Carreon ¶6(c). Carreon lacks personal knowledge of the alleged notification by the Wi-Fi Alliance to Tribair. (Fed. R. Evid. 602). His purported knowledge is based upon hearsay to which no exception to the hearsay rule applies. (Fed. R. Evid. 802).

29. Carreon ¶6(c). Carreon's comment that Tribair integrated "iCall" as a search term of Tribair VoIP App is inadmissible because Carreon lacks personal knowledge of the information he claims. (Fed. R. Evid. 602).

30. Carreon ¶6(c). Carreon's comment that the Tribair VoIP Application appears on search results is inadmissible because it is irrelevant to the claimed infringement of WiCall upon the iCall mark. (Fed. R. Evid. 402).

31. Carreon ¶6(e). Carreon's comment that WiCall's logo is in defiance of a mark not owned by Plaintiff is irrelevant to Plaintiff's claims. (Fed. R. Evid. 402).

32. Carreon ¶6(e). Carreon's comment that WiCall's logo is in defiance of a mark not owned by Plaintiff is inadmissible because Carreon lacks personal knowledge of the facts alleged. (Fed. R. Evid. 602).

33. Carreon ¶6(e). Carreon's comment that WiCall's logo is in defiance of a mark not owned by Plaintiff is inadmissible because it assumes a legal conclusion that has not been decided by any court. In the absence of a court ruling of misappropriation, such an opinion requires

special knowledge outside the normal knowledge of a lay witness. Neither Carreon nor Keating has been qualified as an expert on this subject. (Fed. R. Evid. 701, 702).

34. Carreon ¶6(f). Carreon's comment that the Tribair VoIP app appears as a search result is irrelevant because Plaintiff have never claimed that the Tribair VoIP app infringes Plaintiff's mark. (Fed. R. Evid. 402).

35. Carreon ¶7 Exhibit 28. The interview contained in Exhibit 28 is irrelevant because the interview predates WiCall and does not discuss WiCall, the only subject which is the subject of Plaintiff's claims. Irrelevant evidence is inadmissible. (Fed. R. Evid. 402).

36. Carreon ¶9 Exhibit 30. Exhibit 30 is irrelevant insofar as it offers opinions and reviews by Exhibit 30's unnamed author. (Fed. R. Evid. 402).

37. Carreon ¶9 Exhibit 30. Statements by the unnamed author of Exhibit 30 are hearsay to which no exception to the rule against hearsay applies. (Fed. R. Evid. 802).

38. Carreon ¶9 Exhibit 30. The author of Exhibit 30 offers opinions about VoIP apps outside the ordinary knowledge of a lay witness, but Plaintiff does not qualify the author as an expert. (Fed. R. Evid. 701, 702).

39. Carreon ¶10 Exhibit 31. Exhibit 31 is irrelevant insofar as it is the result of a lengthy and specific set of search terms without giving an explanation for why those specific search terms are relevant to Plaintiff's claims. (Fed. R. Evid. 402).

Defendant will respectfully request the court at the hearing on the motion to strike the supplemental declarations of Gilbert and Carreon as new evidence improperly introduced in the Reply. In addition, Defendants will respectfully request the court to sustain the above specific objections and to strike the evidence referred to above.

Dated: November 8, 2012         DONAHUE GALLAGHER WOODS LLP

By: _____
John C. Kirke
Attorneys for Defendants
TRIBAIR, INC. and ERIC REIHER